UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL JAY McCOLLUM, | ) | |
| Petitioner, | ) | 3:11-cv-00494-RCJ-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

The Clerk of Court opened this action is a *pro se* civil rights complaint. Because neither a filing fee nor an application to proceed *in forma pauperis* was submitted, this action was dismissed without prejudice, by order filed September 16, 2011. (ECF No. 4). Judgment was entered on September 19, 2011. (ECF No. 5). Petitioner appealed. (ECF No. 6).

On July 12, 2012, the United States Court of Appeals for the Ninth Circuit entered an unpublished memorandum opinion vacating and remanding the case to this Court. (ECF No. 14). In its order, the Court of Appeals held as follows:

> A review of the record indicates that the district court incorrectly processed McCollum's habeas petition as a civil rights complaint. We remand for the district court to process his filing in the first instance as a habeas petition, and to notify him that the filing fee in a habeas case is $5. We express no opinion on the merits or timeliness of the habeas petition.

///

///

1  (ECF No. 14, at p. 2). The Court of Appeals further instructed this Court to refund the $455
2  appellate docketing fee to McCollum. (*Id.*). The Court of Appeals issued its formal mandate on
3  August 6, 2012. (ECF No. 15).
4     On further review of the initial filing, it appears that McCollum intended his pleading to be a
5  petition for a writ of habeas corpus. (ECF No. 3). However, the petition is not written on the form
6  required by this Court for petitioners proceeding *pro se*. A *pro se* habeas corpus petitioner is
7  required to use the Court's approved form for filing actions pursuant to 28 U.S.C. § 2254. Local
8  Rules of Special Proceedings 3-1 ("[a] petition for writ of *habeas corpus*, filed by a person who is
9  not represented by an attorney, shall be on the form provided by this court."). The Court will
10 provide petitioner with the approved form for filing a *pro se* habeas corpus petition. Petitioner is
11 allowed an additional period of time within which to file with the Court a habeas corpus petition
12 using the form provided by the Court. If petitioner fails to provide the Court with his petition using
13 the court-approved form, this action may be dismissed.
14    Regarding the filing fee, a review of the record indicates that this Court received a payment
15 of $5.00 from petitioner on October 4, 2011, which satisfies the filing fee for this habeas corpus
16 action. (ECF No. 10).
17    **IT IS THEREFORE ORDERED** that this action is **REOPENED** and the Clerk of Court
18 **SHALL RE-DESIGNATE** this case as a Nature of Suit 530, Habeas Corpus Action.
19    **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL REFUND** petitioner the
20 **$455.00 appellate filing fee**, in compliance with the ruling of the Ninth Circuit Court of Appeals.
21    **IT IS FURTHER ORDERED** that petitioner has **SATISFIED** the $5.00 filing fee for this
22 habeas corpus action.
23 ///
24 ///
25 ///
26 ///

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** petitioner two copies of the court-approved form for filing a § 2254 habeas corpus petition in this Court, together with instructions for filing the same, and a copy of petitioner's original habeas filing in the instant action, at ECF No. 3. Petitioner shall have **forty-five (45) days** from the date of the entry of this order within which to file an amended petition for a writ of habeas corpus, using the court-approved form. If petitioner fails to comply with this directive, this action may be dismissed.

Dated this 6th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE