1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL JAY McCOLLUM,

                    Petitioner,

     v.

STATE OF NEVADA, et al.,

                  Respondents.

Case No. 3:11-cv-00494-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  By order filed September 6, 2012, this Court reviewed the petition and found it to be incomprehensible, therefore, petitioner was ordered to file an amended petition on the Court's preapproved form for filing a habeas petition pursuant to 28 U.S.C. § 2254.  (Dkt. no. 17.)  The Court sent petitioner the proper form and instructions, and ordered petitioner to file an amended petition on the form provided within forty-five (45) days.  (*Id.*).  The order warned petitioner that failure to obey the Court's order would result in dismissal.  (*Id.*, at p. 3).  Petitioner has not filed an amended petition.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

1    local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

2    failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

3    F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule

4    requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

5    *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

6    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

7    prosecution and failure to comply with local rules).

8          In determining whether to dismiss an action for lack of prosecution, failure to

9    obey a court order, or failure to comply with local rules, the court must consider several

10   factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

11   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

12   favoring disposition of cases on their merits; and (5) the availability of less drastic

13   alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,

14   833 F.2d at 130; *Ferdik,* 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

15         In the instant case, the Court finds that the public's interest in expeditiously

16   resolving this litigation and the Court's interest in managing the docket weigh in favor of

17   dismissal, as this case has been pending on the court's docket for several months with

18   no action from petitioner.  The third factor, risk of prejudice to respondents, also weighs

19   in favor of dismissal, since a presumption of injury arises from the occurrence of

20   unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524

21   (9th Cir. 1976).  The fourth factor — public policy favoring disposition of cases on their

22   merits — is greatly outweighed by the factors in favor of dismissal discussed herein.

23   Accordingly, this action is dismissed based on petitioner's failure to obey this Court's

24   order and his failure to prosecute this action.

25         Additionally, petitioner filed a motion to receive overpay of filing fees.  (Dkt. no.

26   18.)  Court records indicate that on November 29, 2012, the Clerk of Court refunded

27   petitioner $455.00.  (Dkt. no. 19.)  Accordingly, petitioner's motion to receive

28   overpayment of fees is denied as moot.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS THEREFORE ORDERED that petitioner's motion to receive overpay of filing fees (dkt. no. 18) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice for failure to prosecute and failure to obey this Court's order.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly.

DATED THIS 14th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3